IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON DARNELL,<br>Individually And On Behalf Of<br>All Others,<br>　　Plaintiff,<br><br>vs.<br><br>BIOTEK AMERICA, LLC<br>d/b/a FREEDOM PLASMA<br>Registered Agent:<br>Corporate Creations Network<br>350 S. Northwest Hwy., #300<br>Park Ridge, IL  60068<br><br>　　Defendant. | )<br>)<br>)<br>)<br>) Case No.: 3:23-cv-3866<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, and brings the following class action against the Defendant, Biotek America, LLC pursuant to the Biometric Information Privacy Act ("BIPA"). Plaintiff, Jason Darnell, ("Darnell" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through his attorneys, brings the following Petition pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Biotek America, LLC, ("Biotek" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief.

PRELIMINARY STATEMENTS

1.　　Biotek America, LLC is owned and operated by ImmunoTek Bio Centers.

2.　　Biotek operates a facility at 520 Wesley Drive, Wood River in Illinois.

3.　　Biotek collects plasma from donors in exchange for compensation.

4. Biotek requires donors to provide their biometric data in order to donate plasma

5. Biotek requires donors to provide their fingerprint scans in order to confirm their identity.

6. Biotek shares the biometric information of its donors with Haemonetics Corporation.

7. Haemonetics Corporation stores the biometric information of Biotek's donors on its database.

8. Biometric identifiers are unique, permanent identifiers associated with each employee.

9. The use of biometric identifiers subjects donors to consequential privacy risks. If a database containing biometric data is stolen, hacked, breached, or otherwise exposed – the donor has no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

10. As set forth in BIPA, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identify theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c).

11. Unfortunately, biometric data breaches have become common recently such as Yahoo, eBay, Equifax, Uber, Home Depot, MyFitnessPal, Panera, Whole Foods, Chipotle, Omni Hotels & Resorts.

12. Illinois passed the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et. seq. to protect privacy rights and regulate companies that collect, store, use and disseminate Illinois citizens' biometrics, such as fingerprints.

13. Under BIPA, "biometric information" is defined as any information, regardless of

how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier", in turn, is defined as a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

14. Biotek has violated its donors' statutorily protected privacy rights and unlawfully collects, stores, disseminates, and uses their biometric data in violation of BIPA. Specifically, Defendant has violated and continues to violate BIPA because it did not and continues not to:

    a. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

    b. Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA; and

    c. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

15. Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

16. Plaintiff is a resident of Wilsonville, Illinois.

17. Defendant is a foreign entity doing business in and throughout Illinois.

## JURISDICTION AND VENUE

18. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Illinois, applied to work for Defendant in Illinois, and his claims arise, in substantial part, in Illinois. Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

20. Plaintiff desires the trial to be held in the District Court of Illinois at East St. Louis, Illinois.

## FACTUAL ALLEGATIONS

21. Plaintiff donates plasma with the Defendant.

22. As a condition of donating, Plaintiff and others were required by the Defendant to have their fingerprints scanned, captured, and stored in database(s).

23. Plaintiff and others are required to scan in before donating plasma.

24. Plaintiff was not informed, prior to the collection of his biometric identifiers and/or biometric information, of the specific limited purposes or length of time for which Defendant collected, stored, used and/or disseminated his biometric data.

25. A fingerprint is a biometric identifier as defined in 740 ILCS 14/10.

26. The Defendant collected and/or captured Plaintiff's fingerprint to screen him.

27. The Defendant collected and/or captured the fingerprint of the Plaintiff and others to identify who may be eligible to donate.

28. The Defendant collected and/or captured the fingerprint of the Plaintiff and others in order to authenticate the identity of donors attempting to donate.

29. On information and belief, the Defendant associated the biometric information of the Plaintiff and others with other personal information.

30. The Defendant failed to comply with Section 15(b) by collecting and/or capturing the fingerprint of the Plaintiff and other individuals without giving proper notice and without obtaining proper authorization in violation of the BIPA.

31. Defendant has engaged and continues to engage in the practice of collecting, storing, and using its employees' biometric information without any informed written consent in violation of the requirements of Section 15(b).

32. At all times relevant, and in violation of the first requirement under Section 15(b) of BIPA, Defendant never expressly informed its employees that it would collect, store, or use their biometric fingerprint information.

33. In violation of Section 15(b) of BIPA, Defendant never informed its employees of the specified purpose or length for which their fingerprints would be collected, stored, and used.

34. In violation of Section 15(b) of BIPA, Defendant never obtained any written release from donors before it began to collect, store, and use their biometric information. Donors were told to provide their fingerprint scan.  Donors were never told why the data was being collected, how the data would be stored, or how long it would be stored.

35. Plaintiff does not recall being provided with written notice that a biometric identifier or biometric information was being collected or stored in violation of BIPA.

36. Plaintiff does not recall ever being provided with written notice of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used in violation of BIPA.

37. Prior to the collection of his biometric identifiers and/or biometric information, Plaintiff was never informed of any biometric data retention policy developed by Defendant, nor

has he ever been informed of whether Defendant will ever permanently delete his biometric data.

38. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

39. Plaintiff does not recall providing the Defendant with a written release in violation of BIPA.

40. Plaintiff would not have provided the Defendant with the ability to collect and/or capture his biometric information if he had known the Defendant was not complying with applicable law.

41. Defendant's failure to comply with BIPA contributed to the fact that the Plaintiff and the proposed class were deprived of their substantive right to notice, information, privacy, and other rights.

42. Defendant had a duty to comply with the BIPA.

43. As set forth above, a "biometric identifier" is any biological, personal feature that includes fingerprints, iris scans, DNA, facial features and voice, as well as others.[1]

44. BIPA affords enhanced protections to biometric privacy markers and identifiers in response to certain technological advances. That is, BIPA recognizes that "biometrics are unlike other unique identifiers that are used to access finance or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened

---

[1] BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. 740 ILCS 14/10.

risk for identity theft, and is likely to withdraw from biometric facilitated transaction." *Id*.

45. To protect consumer privacy, 740 ILCS 14/15(b) states: No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

   (1) informs the subject of the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

   (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which biometric identifier or biometric information is being collected, stored, and used; and

   (3) receives a written release executed by the subject of the biometric identifier or

   (4) biometric information or the subject's legal authorized representative.

46. The manner in which the Defendant collected and/or captured biometric identifiers and/or biometric information of the Plaintiff and other proposed class members is consistent with the Defendant's policies and procedures.

47. Defendant's actions were in reckless disregard of the Plaintiff's rights and of the proposed class members' rights.

48. Defendant's actions were done in negligent disregard of the Plaintiff's rights and of the proposed class members' rights.

49. Defendant acted in deliberate, reckless, and/or negligent disregard of the BIPA.

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

51. Plaintiff brings this action on behalf of himself and all others pursuant to 735 ILCS 5/2-801 on behalf of a class defined as follows:

**BIPA Class:** All individuals who were the subject of one or more instances in which the Defendant collected, captured, received, obtained, maintained, stored, disclosed, or disseminated biometric information from December 7, 2018, through the conclusion of this matter.

## Numerosity

52. The proposed class is so numerous that joinder of all members is impracticable. Defendant regularly collects and/or captures biometric information. Defendant fails to comply with the notice and authorization mandates of the BIPA. Plaintiff believes that the proposed class will exceed over one-hundred individuals.

## Common Questions of Law and Fact

53. Virtually all the issues of law and fact in this class action predominate over any questions affecting only individual members. Among the questions of law and fact common to the class are:

    A. Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

    B. Whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

    C. Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

    D. Whether Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

    E. Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

    F. Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

    G. Whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

    H.    Whether the violations of BIPA were committed negligently; and

    I.    Whether the violations of BIPA were committed intentionally and/or recklessly.

### Adequacy of Representation

54. Plaintiff, as a representative, will fairly and adequately protect the interests of the Proposed Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys that are qualified, competent, and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Appropriateness

55. Maintaining this case as a class is the best means to secure the economies of time, effort, expense, and promote the uniformity of the Court's decision and accomplish the equity and justice class actions seek to obtain while fairly and efficiently adjudicating this controversy.

56. This case is maintainable as a class action because Defendant has acted on grounds that apply generally to the Plaintiff and Proposed Class, so that declaratory and/or injunctive relief is appropriate as a whole.

57. Class certification is also appropriate because questions of law and fact common to the Proposed Class predominates over any questions affecting only individual members of the Proposed Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this action stems from common and uniform policies and practices, resulting in common violations

of the BIPA. Members of the Proposed Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Proposed Class members' claims in a single forum.

58. Plaintiff intends to send notice to all members of the Proposed Class as directed by the Court. The names and address of the Proposed Class members should be available from Defendant's records.

## COUNT I
## 740 ILCS 14/15(b)

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. 740 ILCS 14/15(b) forbids a private entity from collecting or capturing a person's biometric identifier or biometric information unless the have provided written notice and obtained written authorization.

61. Defendant is a private entity under BIPA. *See* 740 ILCS 14/10.

62. BIPA makes it unlawful for any private entity to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless [the entity] first: informs the subject or the subject's legally authorized representative in writing that a biometric identifier or a biometric information is being collected or stored; informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric

identifier or biometric information is being collected, stored, and used; and receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

63. Plaintiff and the proposed class are individuals that had their biometric identifiers or biometric information collected or captured by the Defendant.

64. Plaintiff and the proposed class are individuals that had their biometric identifiers or biometric information collected or captured by the Defendant in order to identify them.

65. Defendant failed to properly inform the Plaintiff or the proposed class that biometric identifiers and/or biometric information was being collected or stored.

66. Defendant failed to properly inform the Plaintiff or the proposed class the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used.

67. Defendant systematically collected, used, and stored biometric identifiers and/or biometric information from the plaintiff and other proposed class members without first obtaining a proper written release.

68. Defendant violated the rights of the Plaintiff and proposed class members by collecting, storing, and using biometric identifiers and/or biometric information in violation of BIPA.

69. Defendant had an obligation to be familiar with and comply with the mandates of the BIPA.

70. The BIPA was passed in 2008 and is unambiguous.

71. Defendant acted negligently when it collected, captured, used, and/or stored biometric identifiers and/or biometric information in violation of the unambiguous mandates of 740 ILCS 14/15(b).

72. Defendant acted in with reckless disregard of the BIPA when it collected, captured, used, and/or stored biometric identifiers and/or biometric information in violation of the unambiguous mandates of 740 ILCS 14/15(b).

73. Defendant was aware of the BIPA.

74. Defendant knowingly and/or negligently violated the provisions of the BIPA.

75. Defendant knowingly and/or negligently failed to comply with the BIPA.

76. Plaintiff and the proposed class members are each entitled to liquidated damages of $1,000 for each and every negligent violation of the BIPA pursuant to 740 ILCS14/20(1).

77. Plaintiff and the proposed class members are each entitled to liquidated damages of $5,000 for each and every reckless violation of the BIPA pursuant to 740 ILCS14/20(2).

78. Plaintiff and the proposed class members are each entitled to reasonable attorneys' fees and costs and other liquidated expenses 740 ILCS14/20(3).

79. Plaintiff and the proposed class members are each entitled to all other relief including injunctive relief as the Court may deem appropriate per 740 ILCS14/20(4).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order finding that Defendant committed multiple, separate violations of the BIPA;

   b. Order finding that the Defendant was aware of the BIPA.

   c. Order finding Defendant recklessly violated the provisions of the BIPA.

   d. Order finding Defendant recklessly failed to comply with the BIPA.

  e. Order finding Defendant negligently violated the provisions of the BIPA.

  f. Order finding Defendant negligently failed to comply with the BIPA.

  g. Order finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of the Plaintiff and proposed class members and the mandates of the BIPA;

  h. Order finding that the Defendant's actions meet the standard necessary for an award of liquidated damages, attorneys' fees and costs, injunctive relief, and all other relief as provided by the BIPA; and

  i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and the proposed class members have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown IL 49952
Jayson A. Watkins IL 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF